**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

| | |
|---|---|
| RICHARD and NANCY BIGI, | |
| Plaintiffs, | CIVIL NO. 4:11-CV-00242-WTM-GRS |
| v. | |
| GREENE & COOPER, LLP, KYLE A. COOPER, ENCORE CAPITAL GROUP, INC., MIDLAND FUNDING, LLC, and MIDLAND CREDIT MANAGEMENT, INC., | |
| Defendants. | |

**ANSWER AND DEFENSES OF DEFENDANTS ENCORE CAPITAL GROUP, INC., MIDLAND FUNDING LLC, AND MIDLAND CREDIT MANAGEMENT, INC. TO PLAINTIFFS' ORIGINAL CLASS ACTION COMPLAINT**

Defendants Encore Capital Group, Inc. ("Encore"), Midland Funding, LLC ("Midland Funding"), and Midland Credit Management, Inc. ("MCM") (collectively the "Midland Defendants") submit their Answer and Defenses to Plaintiffs' Original Class Action Complaint ("Complaint") as follows:

**PRELIMINARY STATEMENT**

In submitting their Answer and Defenses to the Complaint, the Midland Defendants state that they are responding to the Complaint for themselves only, even where Plaintiffs' allegations refer to alleged conduct of entities other than the Midland Defendants. Furthermore, the Midland Defendants deny all allegations in the unnumbered paragraphs and headings in the Complaint, and specifically deny any allegations in the Complaint that have not been otherwise specifically addressed herein, including any legal conclusions to which a response may be required.

## ANSWER

In response to the specific enumerated paragraphs in the Complaint, the Midland Defendants respond as follows:

1.	The Midland Defendants admit that Plaintiffs purport to bring this action for violations of the Fair Debt Collection Practices Act ("FDCPA"), but deny that they have violated any provisions of the FDCPA. The Midland Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1 and, therefore, deny those allegations.

2.	The Midland Defendants admit the allegations in Paragraph 2.

3.	The Midland Defendants admit that they conduct business in this State and this District. The Midland Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3 and, therefore, deny those allegations.

4.	The Midland Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and, therefore, deny those allegations.

5.	The Midland Defendants admit that Plaintiff Richard Bigi is obligated to pay a debt owed to Midland Funding that was once owed to HSBC Bank Nevada, N.A. The Midland Defendants deny the remaining allegations in Paragraph 5.

6.	The Midland Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and, therefore, deny those allegations.

7.	The Midland Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and, therefore, deny those allegations.

8. The Midland Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and, therefore, deny those allegations.

9. The Midland Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and, therefore, deny those allegations.

10. The Midland Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and, therefore, deny those allegations.

11. The Midland Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and, therefore, deny those allegations.

12. The Midland Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and, therefore, deny those allegations.

13. The Midland Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and, therefore, deny those allegations.

14. The Midland Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and, therefore, deny those allegations.

15. The Midland Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and, therefore, deny those allegations.

16. The Midland Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and, therefore, deny those allegations.

17. The Midland Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and, therefore, deny those allegations.

18. The Midland Defendants admit the allegations in Paragraph 18.

19. The Midland Defendants admit the allegations in Paragraph 19.

20. The Midland Defendants deny the allegations in Paragraph 20.

21. The Midland Defendants deny the allegations in Paragraph 21.

22. The Midland Defendants admit the allegations in Paragraph 22.

23. The Midland Defendants admit the allegations in Paragraph 23.

24. The Midland Defendants state that Midland Funding purchases portfolios of consumer debts from third parties. The Midland Defendants deny the remaining allegations in Paragraph 24.

25. The Midland Defendants deny the allegations in Paragraph 25.

26. The Midland Defendants denies the allegations in Paragraph 26.

27. The Midland Defendants admit the allegations in Paragraph 27.

28. The Midland Defendants admit the allegations in Paragraph 28.

29. The Midland Defendants admit that MCM was engaged in the business of collecting a debt from Plaintiff. The Midland Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 29 and, therefore, deny those allegations.

30. The Midland Defendants admit the allegations in Paragraph 30.

31. The Midland Defendants deny the allegations in Paragraph 31.

32. The Midland Defendants state that Encore owns various subsidiaries, including Midland Funding and MCM, that conduct business related to consumer debts. The Midland Defendants deny the remaining allegations in Paragraph 32.

33. The Midland Defendants deny the allegations in Paragraph 33.

34. The Midland Defendants deny the allegations in Paragraph 34.

35. The Midland Defendants deny the allegations in Paragraph 35.

36. The Midland Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 and, therefore, deny those allegations.

37. The Midland Defendants deny the allegations in Paragraph 37.

38. The Midland Defendants deny the allegations in Paragraph 38.

39. The Midland Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 and, therefore, deny those allegations.

40. The Midland Defendants admit that a committee, comprised of members of senior management, is involved in decisions to purchase portfolios. The Midland Defendants deny the remaining allegations in Paragraph 40.

41. The Midland Defendants admit that Midland Funding purchases portfolios. The Midland Defendants deny the remaining allegations in Paragraph 41.

42. The Midland Defendants deny the allegations in Paragraph 42.

43. The Midland Defendants deny the allegations in Paragraph 43, including all subparts.

44. The Midland Defendants state that the allegations in Paragraph 44 appear to be directly from Encore's 2001 Annual Report and that this filing speaks for itself.

45. The Midland Defendants admit that MCM services debt owned by other Encore subsidiaries, including Midland Funding. The Midland Defendants further state that the Servicing Agreement referenced in Paragraph 45 speaks for itself, and to the extent the allegations in Paragraph 45 mischaracterize, misstate, or take out of context the provisions of the Servicing Agreement, the allegations are denied.

46. The Midland Defendants state that the Servicing Agreement referenced in Paragraph 46 speaks for itself, and to the extent the allegations in Paragraph 46 mischaracterize,

misstate, or take out of context the provisions of the Servicing Agreement, the allegations are denied.

47. The Midland Defendants admit that Encore's subsidiaries have vendor relationships for collections that assist the subsidiaries with collection activities. The Midland Defendants deny the remaining allegations in Paragraph 47.

48. The Midland Defendants admit that Encore's subsidiaries have vendor relationships for collections that assist the subsidiaries with collection activities. The Midland Defendants deny the remaining allegations in Paragraph 48.

49. The Midland Defendants deny the allegations in Paragraph 49.

50. The Midland Defendants state that the Collection Agreements referenced in Paragraph 50 speak for themselves, and that to the extent the allegations in Paragraph 50 mischaracterize, misstate, or take out of context the provisions of the Collection Agreements, the allegations are denied.

51. The Midland Defendants state that the Collection Agreements referenced in Paragraph 51 speak for themselves, and that to the extent the allegations in Paragraph 51 mischaracterize, misstate, or take out of context the provisions of the Collection Agreements, the allegations are denied.

52. The Midland Defendants state that the Collection Agreements referenced in Paragraph 52 speak for themselves, and that to the extent the allegations in Paragraph 52 mischaracterize, misstate, or take out of context the provisions of the Collection Agreements, the allegations are denied.

53. The Midland Defendants state that the Collection Agreements referenced in Paragraph 53 speak for themselves, and that to the extent the allegations in Paragraph 53

mischaracterize, misstate, or take out of context the provisions of the Collection Agreements, the allegations are denied.

54. The Midland Defendants state that the Collection Agreements referenced in Paragraph 54 speak for themselves, and that to the extent the allegations in Paragraph 54 mischaracterize, misstate, or take out of context the provisions of the Collection Agreements, the allegations are denied.

55. The Midland Defendants state that the Collection Agreements referenced in Paragraph 55 speak for themselves, and that to the extent the allegations in Paragraph 55 mischaracterize, misstate, or take out of context the provisions of the Collection Agreements, the allegations are denied.

56. The Midland Defendants state that the Collection Agreements referenced in Paragraph 56 speak for themselves, and that to the extent the allegations in Paragraph 56 mischaracterize, misstate, or take out of context the provisions of the Collection Agreements, the allegations are denied.

57. The Midland Defendants state that the Collection Agreements referenced in Paragraph 57 speak for themselves, and that to the extent the allegations in Paragraph 57 mischaracterize, misstate, or take out of context the provisions of the Collection Agreements, the allegations are denied.

58. The Midland Defendants state that the Collection Agreements referenced in Paragraph 58 speak for themselves, and that to the extent the allegations in Paragraph 58 mischaracterize, misstate, or take out of context the provisions of the Collection Agreements, the allegations are denied.

59. The Midland Defendants state that the Collection Agreements referenced in Paragraph 59 speak for themselves, and that to the extent the allegations in Paragraph 59 mischaracterize, misstate, or take out of context the provisions of the Collection Agreements, the allegations are denied.

60. The Midland Defendants admit that MCM issues user IDs and passwords to law firms such as Greene & Cooper LLP for the purpose of providing access to certain websites and software. The Midland Defendants deny the remaining allegations in Paragraph 60.

61. The Midland Defendants state that the Collection Agreements referenced in Paragraph 61 speak for themselves, and that to the extent the allegations in Paragraph 61 mischaracterize, misstate, or take out of context the provisions of the Collection Agreements, the allegations are denied.

62. The Midland Defendants deny the allegations in Paragraph 62.

63. The Midland Defendants deny the allegations in Paragraph 63.

64. The Midland Defendants deny the allegations in Paragraph 64.

65. The Midland Defendants deny the allegations in Paragraph 65.

66. The Midland Defendants deny the allegations in Paragraph 66.

67. The Midland Defendants state that the Collection Agreements referenced in Paragraph 67 speak for themselves, and that to the extent the allegations in Paragraph 67 mischaracterize, misstate, or take out of context the provisions of the Collection Agreements, the allegations are denied.

68. The Midland Defendants state that the letter attached as Exhibit "A" to the Complaint speaks for itself, and to the extent that Plaintiffs mischaracterize, misstate, misquote, or take out of context the attached letter, the allegations are denied. The Midland Defendants are

without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 68 and, therefore, deny those allegations.

69. The Midland Defendants deny the allegations in Paragraph 69.

70. The Midland Defendants state that the letter attached as Exhibit "A" to the Complaint as referenced in Paragraph 70 speaks for itself, and to the extent that Plaintiffs mischaracterize, misstate, or take out of context the attached letter, the allegations are denied. The Midland Defendants deny the remaining allegations in Paragraph 70.

71. The Midland Defendants state that the letter attached as Exhibit "A" to the Complaint as referenced in Paragraph 71 speaks for itself, and to the extent that Plaintiffs mischaracterize, misstate, or take out of context the attached letter, the allegations are denied. The Midland Defendants deny the remaining allegations in Paragraph 71.

72. The Midland Defendants deny the allegations in Paragraph 72.

73. The Midland Defendants deny the allegations in Paragraph 73.

74. The Midland Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 and, therefore, deny those allegations.

75. The Midland Defendants restate and incorporate their responses to the allegations in Paragraphs 1–74 as though fully set forth herein.

76. The Midland Defendants admit that Plaintiffs purport to bring this action as a class action pursuant to Federal Rule of Civil Procedure 23 and that the proposed class is defined in Paragraph 76, but deny that this case is appropriate for class certification and, therefore, deny the allegations in Paragraph 76.

77. Because the Midland Defendants deny that this case is appropriate for class treatment, the Midland Defendants deny the allegations in Paragraph 77.

78. The Midland Defendants deny the allegations in Paragraph 78.

79. The Midland Defendants deny the allegations in Paragraph 79.

80. The Midland Defendants deny the allegations in Paragraph 80.

81. The Midland Defendants deny the allegations in Paragraph 81, including all subparts.

82. The Midland Defendants deny the allegations in Paragraph 82.

83. The Midland Defendants deny the allegations in Paragraph 83.

84. The Midland Defendants deny the allegations in Paragraph 84.

85. The Midland Defendants deny the allegations in Paragraph 85.

86. The Midland Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86 and, therefore, deny those allegations.

87. The Midland Defendants deny the allegations in Paragraph 87.

88. The Midland Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88 and, therefore, deny those allegations.

89. The Midland Defendants deny the allegations in Paragraph 89.

90. The Midland Defendants deny the allegations in Paragraph 90.

91. The Midland Defendants deny the allegations in Paragraph 91.

92. The Midland Defendants deny the allegations in Paragraph 92.

93. The Midland Defendants deny the allegations in Paragraph 93, including all subparts.

94. The Midland Defendants restate and incorporate their responses to the allegations in Paragraphs 1–93 as though fully set forth herein.

95. The Midland Defendants state that the terms and provisions of the FDCPA speak for themselves, and to the extent that Plaintiffs misconstrue, misquote, or take out of context the provisions of the FDCPA cited in Paragraph 95, the allegations are denied.

96. The Midland Defendants deny the allegations in Paragraph 96.

97. The Midland Defendants state that the letter attached as Exhibit "A" to the Complaint as referenced in Paragraph 97 speaks for itself, and to the extent that Plaintiffs mischaracterize, misstate, misquote, or take out of context the attached letter, the allegations are denied.

98. The Midland Defendants deny the allegations in Paragraph 98.

99. The Midland Defendants state that the holdings of the cases purportedly cited and quoted in Paragraph 99 speak for themselves, and to the extent Plaintiffs mischaracterize, misstate, misquote, or take out of context the rulings in the cited opinions, the allegations are denied.  The Midland Defendants deny the remaining allegations in Paragraph 99.

100. The Midland Defendants state that the holding of the case purportedly cited and quoted in Paragraph 100 speaks for itself, and to the extent Plaintiffs mischaracterize, misstate, misquote, or take out of context the ruling in the cited opinion, the allegations are denied.  The Midland Defendants deny the remaining allegations in Paragraph 100.

101. The Midland Defendants deny the allegations in Paragraph 101.  Furthermore, the Midland Defendants deny that Plaintiffs are entitled to any of the relief identified in their prayer for relief and judgment following Paragraph 101 in Plaintiffs' Complaint.

102. The Midland Defendants restate and incorporate their responses to the allegations in Paragraphs 1–93 as though fully set forth herein.

103. The Midland Defendants deny the allegations in Paragraph 103.

104.    The Midland Defendants state that the letter attached as Exhibit "A" to the Complaint as referenced in Paragraph 104 speaks for itself, and to the extent that Plaintiffs mischaracterize, misstate, misquote, or take out of context the attached letter, the allegations are denied.

105.    The Midland Defendants deny the allegations in Paragraph 105.

106.    The Midland Defendants state that the holdings of the cases purportedly cited and quoted in Paragraph 106 speak for themselves, and to the extent Plaintiffs mischaracterize, misstate, misquote, or take out of context the rulings in the cited opinions, the allegations are denied.  The Midland Defendants deny the remaining allegations in Paragraph 106.

107.    The Midland Defendants state that the holding of the case purportedly cited and quoted in Paragraph 107 speaks for itself, and to the extent Plaintiffs mischaracterize, misstate, misquote, or take out of context the ruling in the cited opinion, the allegations are denied.  The Midland Defendants deny the remaining allegations in Paragraph 107.

108.    The Midland Defendants deny the allegations in Paragraph 108.  Furthermore, the Midland Defendants deny that Plaintiffs are entitled to any of the relief identified in their prayer for relief and judgment following Paragraph 108 in Plaintiffs' Complaint.

109.    The Midland Defendants admit that Plaintiffs request a trial by jury on all counts.

## DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiffs, The Midland Defendants plead the following defenses to Plaintiffs' Complaint.  The Midland Defendants reserve the right to assert additional defenses that they learn through the course of discovery.

### First Defense

Plaintiffs' Complaint fails, in whole or in part, to state a claim against the Midland Defendants upon which relief can be granted.

### Second Defense

The Midland Defendants reserve the right to compel arbitration as agreed to in the contract between cardholder and creditor.

### Third Defense

Plaintiffs' claims should be dismissed because the Midland Defendants did not violate any provisions of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq*. ("FDCPA").

### Fourth Defense

Plaintiffs' claims should be dismissed because any alleged violations of the FDCPA by the Midland Defendants were the result of a *bona fide* error, were unintentional, and resulted notwithstanding the maintenance of procedures reasonable adopted to avoid any such error.

### Fifth Defense

Plaintiff Nancy Bigi cannot state a claim against the Midland Defendants because she was not an obligor on a debt owed to HSBC Bank Nevada, N.A.

### Sixth Defense

Plaintiffs' claims should be dismissed to the extent that the Midland Defendants acted in good faith in conformity with any advisory opinion of the Federal Trade Commission.

### Seventh Defense

Plaintiffs have not alleged any injury in fact.

**Eighth Defense**

Plaintiffs have not sustained damages and do not have standing to assert any of the causes of action enumerated in the Complaint.

**Ninth Defense**

Any damages suffered by Plaintiff and members of the putative class resulted from acts or omissions by parties other than the Midland Defendants, for which the Midland Defendants are not responsible.

**Tenth Defense**

Plaintiffs' Complaint seeks the imposition of punitive damages.  The Midland Defendants adopt by reference the defenses, criteria, limitations, standards and constitutional protections mandated or provided by the United States Supreme Court in the following cases:  BMW v. Gore, 517 U.S. 559 (1996); Cooper Indus., Inc. v. Leatherman Tool Group, Inc., 532 U.S. 923 (2001); State Farm v. Campbell, 538 U.S. 408 (2003); Philip Morris USA v. Williams, 549 U.S. 346  (2007);  Exxon Shipping Co. v. Baker, 554 U.S. 471 (2008).

**Eleventh Defense**

Plaintiffs have failed to mitigate their damages, if any.

**Twelfth Defense**

Plaintiffs' claims do not meet the requirements, in whole or in part, of Fed. R. Civ. P. 23 and thus cannot be maintained as a class action.

**Thirteenth Defense**

If any liability exists on the part of the Midland Defendants to Plaintiffs, such liability is to be completely indemnified pursuant to the Collection Agreement.

**Fourteenth Defense**

The Midland Defendants deny each and every averment of Plaintiffs' Complaint not specifically admitted in this Answer.

WHEREFORE, having fully answered Plaintiffs' Complaint, The Midland Defendants pray for judgment as follows:

(1) Plaintiffs' Complaint be dismissed in its entirety and with prejudice, with costs taxed against Plaintiffs;

(2) that the claims against the Midland Defendants be dismissed;

(3) that the Midland Defendants recover from Plaintiffs their expenses of litigation, including attorneys' fees; and

(4) that the Midland Defendants recover such other and additional relief as the Court deems proper.

Dated:  November 14, 2011                Respectfully submitted,


                                                        s/ *Benjamin M. Perkins*
Patrick T. O'Connor
Georgia Bar No. 548425
Benjamin M. Perkins
Georgia Bar No. 140997

OLIVER MANER LLP
218 West State Street
Savannah, Georgia  31412
Tel:  (912) 236-3311
Fax:  (912) 236-8725
Email:  pto@olivermaner.com
         bperkins@olivermaner.com

**Attorneys for Defendants Encore Capital Group, Inc., Midland Funding LLC, Midland Credit Management, Inc.**

## **CERTIFICATE OF SERVICE**

This is to certify that on the 14th day of November, 2011, a true and correct copy of the above and foregoing document has been electronically filed with the foregoing Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel and/or a copy is mailed via U.S. Mail, postage prepaid and properly addressed to those individuals who are non-CM/ECF participants:

Dennis R. Kurz
Weisberg & Meyers LLC
5025 N. Central Avenue #602
Phoenix, Arizona  85012
*Attorney for Plaintiffs Richard and Nancy Bigi*

John H. Bedard, Jr.
Bedard Law Group, P.C.
2810 Peachtree Industrial Blvd., Suite D
Duluth, Georgia 30097
*Attorney for Defendants Greene & Cooper LLC and Kyle Cooper*

                                        OLIVER MANER LLP

                                        *s/ Benjamin M. Perkins*
                                        BENJAMIN M. PERKINS
                                        Ga. State Bar No. 140997

                                        **Attorney for Defendants Encore Capital**
                                        **Group, Inc., Midland Funding LLC,**
                                        **Midland Credit Management, Inc.**

Post Office Box 10186
Savannah, GA   31412
(912) 236-3311 telephone
(912) 236-8725 facsimile
bperkins@olivermaner.com